State vs. Dillard.

## No. 120.

### THE STATE OF LOUISIANA VS. SILAS DILLARD.

A Judge has a right to change the terms of the court over which he presides. He was not deprived of such authority by the Act No. 7 of 1880, which only directed how the orders fixing the terms should be made and published.

Where a term of court has been ordered to be held by the Judge under a general order fixing the terms, and subsequently he prepares another order, in which it is announced that it will not be held, and hands such order to the clerk with instructions not to record it, the Judge can, within a short time after, and before any action is taken under it, withdraw or erase the order, and the first order for the holding of the term will be in full force, and the term held under it, a legal one.

Where a change is made in the terms it is not necessary that a notice of such change should precede the order making it, but that notice for the prescribed time should be published before the arrival or holding of the term.

Where, owing to some obstacle, the grand jury cannot be empanelled on the first day of the term, it may be empanelled on the second day.

APPEAL from the Tenth District Court, for the Parish of DeSoto. *Logan*, J.

*W. P. Hall*, District Attorney, for the State, Appellee.

*E. W. Sutherlin* and *J. C. Pugh* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. This is an appeal from a sentence of imprisonment of two years at hard labor for an assault with intent to commit a rape.

There was a motion on the first day of the term to quash the venire, and, subsequently, during the term, after the finding of that indictment, a motion to quash the same.

The grounds of both motions are substantially the same, with one exception. Both motions were overruled, and the alleged errors of the Judge in these rulings are the main reliance to reverse the sentence appealed from.

1. It is charged that the term of court at which these proceedings

132

took place was an illegal one, because held under or by virtue of an order of the Judge, (of the 23d of May, 1883) changing the terms of the court for the Parish of ·DeSoto, and that the Judge was without power· or authority, under the Constitution and laws, to change the terms of court when once fixed.

The third clause of Article 117 of the State Constitution provides as follows :

" Until provided by law, the terms of the District Court in each parish shall be fixed by a rule of said court,which shall not be changed without notice by publication at least thirty days prior to such change."

This clearly conferred on the Judge the power to fix the terms of court and, under the condition stated subsequently, to change them.

The Article likewise gave to the legislature the right to assume at its pleasure the power thus delegated to the Judges, and divest them of it entirely and fix and establish the terms of court by statutory enactment, or, in its discretion, continue wholly or partially the exercise of the power in the Judges originally delegated by the Constitution.

There was legislation on the subject at the first session of the General Assembly after the adoption of the Constitution, known as Act 7 of 1880. That Act fixed the first terms of all the courts and left with the Judges the authority to fix the subsequent terms, which they possessed under the above Article of the Constitution, providing simply the mode by which the same should be fixed, and that the jury and non-jury terms should alternate. As we view it, all the powers of the Judges derived from the Constitution, except as expressly restricted by the Act, were left unimpaired.

Hence, it necessarily follows that the Judges did, after the passage of this Act, and do possess the power to change their terms, as delegated by the Constitution, subject only to the regulations contained in the Act.

We find, too, from an examination of the record, the prescribed regulations were strictly followed with respect to the order of the Judge (of May 23d, 1883), under which the term of court was held, at which this prosecution was instituted.

It was made in open court, duly entered on the minutes, was published for the required time and conformed to the Act, with respect to the alternate jury and non-jury terms of the court.

Neither the Constitution nor the law cited required that the order should have been preceded by the notice or publication. It was sufficient that this notice for the prescribed time should precede the first term held ·under it. This is the obvious meaning of the Act, and at the same

time the legislative construction of the Article of the Constitution in question.

2. It is, however, urged in the motions under consideration that, granting this order of the 23d of May was a legal one, so far as it authorized the holding of the term of court in question—August term, 1883—it was revoked and rescinded, and, therefore, that term was held without any legal authority whatever, and the proceedings before it were void.

The facts bearing on this point, which we gather from a careful reading of the record, are substantially these:

On the 27th of July, 1883, the Judge prepared an order for the holding a special term of the court in DeSoto on the first Monday of September following. In this order appeared these words: " And that the drawing of jurors for court, fixed on the 2d Monday of August, 1883, be, and is hereby set aside and annulled, as said court will not be held." The paper containing the order, written by the Judge, was handed by him to the clerk of the court, who was instructed not to record it; and, according to the Judge's statement, neither to record nor file it. The clerk was thus instructed, as explained by the testimony of the Judge, because some doubt had crossed his mind about the legality of the August term at the time of writing the order; that in about one hour's time, this doubt having been removed, he returned to the clerk's office and erased the above lines of the order, leaving the writing otherwise intact, which ordered the holding of the special term of court for September, and directed the summoning of the venire for that term. The Judge further explains his motive for embodying the lines referred to in his order, by stating that, if no August term was held, the venire already drawn for that term could serve for the special September term, and the jury commissioners, by the terms of the order, would be so instructed.

It is charged that this part of the order, i. e., the lines above quoted, had the legal effect of dispensing with the August term of court, and that it was beyond recall, and that no subsequent act of the Judge, after writing it and handing to the clerk, could destroy the effect of it, and the act of the Judge in making the erasure has been severely and acrimoniously criticised and commented on in the argument of the case before this Court.

We see no just grounds for such criticism. It might have been more conformable to the deliberation, system and order that should characterize all judicial acts, if the Judge had solved his doubts and reached a fixed conclusion touching the legality of the term of court referred to, before taking the steps he did; but when he was satisfied of his error,

it was not only his right, but his duty, to correct it. The whole matter, under the circumstances stated, was in his hands and clearly within the scope of his authority as the presiding Judge of that court. Under the facts disclosed, he never made an effective order, dispensing with the term of court, and even had he issued such an order it was clearly within his power to withdraw it when and in the manner he did.

Apart from his authority, his act in the premises could not be held as calculated in any way to injure or wrong anyone.

3. In the motion to quash the indictment it is urged that the grand jury was without authority to find the bill, because it was empanelled on Tuesday, the second day of the term. The first day was entirely consumed by the proceedings, which were to determine whether the, jury could be empanelled at all, or not. It has been held that the law providing for the organization of the grand jury on the first day of the term is directory, and when any obstacle prevents their being empanelled on that day, it can be done on the next. State vs. Davis, 14 An. 678.

4. We find in the record a bill of exceptions taken to certain questions asked a number of jurors on their *voir dire*, with a view to test their competency. The questions were answered, and the jurors accepted. The questions may have been unnecessary, but we cannot see how either the questions or the answers were calculated, in the least, to prejudice the accused. They were without significance, and it is needless to discuss them.

This completes the review of all matters presented in the record for our consideration, and they afford no just ground of relief to the accused. The sentence and judgment are, therefore, affirmed with costs.